IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ALMONTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 5:10-cv-00496-FB |
| | § | |
| JP MORGAN CHASE BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S 12(b)(6) MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant JP Morgan Chase Bank, N.A. ("Chase") moves the Court to dismiss Plaintiff Linda Almonte's ("Almonte") *Sabine Pilot* claim because she has failed to state a claim upon which relief can be granted and would show the Court as follows:

### INTRODUCTION

Almonte, a former Chase employee, has failed to establish through her pleadings a *Sabine Pilot* claim. As the Fifth Circuit discussed in *Lone Star V (US) v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010), involving a situation similar to the one herein, the factual allegations asserted by Almonte do not constitute fraud because of the underlying representation clauses in the parties' sales agreement. Since the parties' agreement precluded fraud, there is no underlying criminal activity at issue and Almonte's *Sabine Pilot* claim fails. Moreover, Chase's motion to dismiss is appropriate because Almonte has failed to allege that Chase ordered her to perform an illegal act.

### FACTS

Chase employed Almonte as a Team Leader in its Credit Card Services division in San Antonio, Texas. *See* Plaintiff's First Amended Original Petition p. 2, previously attached to

Defendant's Notice of Removal (Doc. No. 1.). In summer 2009, Almonte worked with other Chase managers to sell a portfolio of delinquent, litigated-to-judgment accounts. *Id.* Almonte asserts that the portfolio was not what Chase actively represented it to be and that Chase was actively and intentionally misrepresenting the portfolio. *Id.* Specifically, Almonte asserts that 11,472 accounts "were missing adequate documentation of judgment" and nearly 5,000 of those accounts had incorrect balance information. *Id.* at pp. 2-3.

Almonte alleges she refused to participate in Chase's efforts to defraud buyers. *See* Plaintiff's First Amended Original Petition p. 3. Almonte allegedly told Chase that it was misrepresenting the portfolio and violating federal and state law. *Id.* Almonte claims Jason Lazinbat told her to forego the formal process required to validate the portfolio. *Id.* Almonte claims she then informed Chase's higher management of her concerns. *Id.* Almonte alleges that she made it clear "she would not participate in the fraud" and because of her refusal Chase terminated her employment. *Id.* at 4. Summarily, based on these allegations, Almonte concludes that she refused to perform illegal acts in violation of 18 U.S.C. § 1346 (honest services fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud). *Id.*

Chase proceeded with the portfolio sale which was memorialized in a purchase agreement. *See* Judgment Purchase Agreement attached hereto as Exhibit A. In the agreement, Chase and the purchaser agreed to the following terms:

> (a) On the Closing Date, Seller shall provide Purchaser with copies of the Judgments obtained, **if available,** on each Account which is purchased pursuant to this Agreement.
>
> (b) For a period of up to three (3) years from the Closing Date and upon receipt of a written request from Purchaser, Seller shall, to the extent such documents are reasonably available, provide Purchaser with copies of signed Account applications, applicable terms and conditions, and other media relating to the Judgment.

*See* Exhibit A p. 8 (emphasis added).

2

Moreover, the parties agreed that:

> **EXCEPT AS PROVIDED IN THIS SECTION, THE JUDGEMENTS ARE BEING SOLD "AS IS" AND "WITH ALL FAULTS", WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER AS TO EITHER CONDITION, FITNESS FOR ANY PARTICULAR PURPOSE, MERCHANTABILITY OR ANY OTHER WARRANTY, EXPRESS OR IMPLIED, AND SELLER SPECIFICALLY DISCLAIMS ANY WARRANTY, REPRESENTATION, ORAL OR WRITTEN, PAST OR PRESENT, EXPRESS OR IMPLIED, CONCERNING THE JUDGMENT, OR THE STRATIFICATION OR PACKAGING OF THE JUDGMENTS.**

*See* Exhibit A p. 11. Furthermore, the contract contained corrective provisions which give the purchaser the ability to have Chase re-buy any ineligible judgments purchased. *See* Exhibit A p. 17-20. Finally, the contract also contained provisions allowing Chase the ability to repurchase judgments if Chase had a reasonable business need to repurchase the judgment. *Id.* The language of the contract regarding the sale of the judgments is clear and was voluntarily entered into by both dually informed parties.

## ARGUMENT AND AUTHORITIES

Almonte's *Sabine Pilot* claim should be dismissed pursuant to Rule 12(b)(6) because she has failed to state a claim upon which relief can be granted.

### A.   Standard for Dismissal Under Rule 12(b)(6).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of the plaintiff's claims when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint. *Colle v. Brazos Co.*, 981 F.2d 237, 243 (5th Cir. 1993). In challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant must establish that no relief can be granted under any set of facts that could be proved consistent with the allegations in

3

the complaint. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). If a complaint, however, omits facts concerning pivotal elements of a plaintiff's claim, a court is justified in assuming the non-existence of those facts. *See Ledesma v. Dillard Dept. Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993). Moreover, the court may review "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star V (US) v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Almonte fails to state an appropriate *Sabine Pilot* claim.

To establish a *Sabine Pilot* claim, Almonte must prove four elements: (1) that Chase required her to perform an illegal act carrying criminal penalties; (2) that she refused to do so; (3) that she was terminated as a result; and (4) that the sole reason for her termination was her refusal to perform the illegal criminal activity. *Sabine Pilot*, 687 S.W.2d 733, 735 (Tex. 1985). Almonte has the burden to demonstrate that Chase required her to commit a crime. *The Ed Rachal Found. v. D'Unger*, 207 S.W.3d 3320, 332 (Tex. Apr. 21, 2006). More specifically, *Sabine Pilot* requires that the employer actually order the employee to commit the illegal act. *Burt v. Burkburnett*, 800 S.W.2d 625, 627 (Tex. App. – Fort Worth 1990, writ denied). It is not sufficient to allege that the employee was fired for refusing to perform an illegal act if such act was not specifically ordered by the employer. *Id.*

#### 1. No fraud occurred in the portfolio sale, thus, Almonte's assertion that she was ordered to perform an illegal act fails.

Almonte's *Sabine Pilot* claim is based on the foundation that Chase committed fraud by intentionally misrepresenting its judgment portfolio to prospective buyers. *See* Plaintiff's First Amended Original Petition p. 3. Almonte claims that based on these misrepresentations, she refused to participate in the sale of the portfolio and because she refused she did not commit violations of honest services fraud, mail fraud, and wire fraud. *Id.*

4

Almonte's alleged illegal acts to support her *Sabine Pilot* claim all rely on claims of fraud. Specifically, 18 U.S.C. § 1341 criminalizes the act of devising a scheme or artifice to defraud or for obtaining money for the scheme to defraud by placing such scheme "in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service", and similarly 18 U.S.C. § 1343 criminalizes the act of devising a scheme or artifice to defraud or for obtaining money for the scheme to defraud by transmitting such scheme "by means of wire, radio, or television communication in interstate or foreign commerce".[1] Both statues rely on the transmission of a fraudulent scheme by a specific media and the definitions of fraud discussed in the statutes are broadly construed. If Chase, however, did not commit fraud in the sale of the portfolio, Almonte's underlying alleged illegal acts could not have occurred.

In *Lone Star*, the Fifth Circuit reviewed a similar factual situation and determined that pursuant to specific provisions in the sales contract no fraud occurred in the securities sale, and the district court's granting of a 12(b)(6) motion to dismiss was affirmed. *Lone Star V (US)*, 594 F.3d at 385. In *Lone Star*, the defendant was in the business of selling mortgage-backed securities and the underlying lawsuit concerned two sets of mortgage-backed securities defendant had sold to plaintiff in May and June 2007. *Id.* at 386. For both sales, the parties entered into sales contracts concerning the quality of the mortgage pools. *Id.* After the purchase, plaintiff discovered that over 1,100 of the mortgages purchased concerned delinquent loans. *Id.* Plaintiff filed suit against defendant for fraud and material misrepresentations claiming that defendant had represented that there were no delinquent loans contained in the bundles. *Id.* Defendant filed a motion to dismiss based on the sales contract language that included specific

---

[1] Almonte claims that Chase's actions also would violate 18 U.S.C. § 1346, however, 1346 simply defines "scheme or artifice to defraud", it is not an independent criminal violation or impose any criminal penalties. *See* 18 U.S.C. § 1346. Thus, this statute is irrelevant to the analysis of a *Sabine Pilot* claim.

corrective provisions. The district court granted defendant's 12(b)(6) motion to dismiss. *Lone Star V (US)*, 594 F.3d at 386. The Fifth Circuit affirmed the district court's order. *Id.*

The Fifth Circuit stated that when dealing with claims of fraud and misrepresentations, the plaintiff must plead with particularity under Federal Rule of Civil Procedure 9(b). *Id.* at 387. Although the sales contract between the parties represented that no delinquent loan was sold, the Court stated that complex contractual documents must be read in their entirety to be given effect. *Id.* at 388. In the contract, the parties had included language that would allow defendant to cure any defects and re-buy delinquent loans accidentally sold. *Id.* at 389. The Court stated that such correction provisions are sensible given the difficulties in selling multiple securities "[b]ecause mistakes are inevitable." *Id.* Thus, given the corrective provisions of the contract, no fraud occurred and the dismissal of plaintiff's claim was appropriate. *Lone Star V (US)*, 594 F.3d at 386.

The Fifth Circuit's decision compels the dismissal of Almonte's lawsuit. Almonte's claim is based on the fact that some underlying fraud occurred in the sale of Chase's securities portfolio. Almonte's claims, however, ignore the actual language of the sales contract, a sales contract Almonte had in fact reviewed and approved. *See* Exhibit A. In the sales agreement, the parties expressly agreed that the judgments were purchased **"as is"** and **"with all faults."** *See* Exhibit A p. 11. Furthermore, the parties agreed to allow either Chase to repurchase sold securities or the purchaser to have Chase re-buy judgments if an ineligible judgment had been purchased. *See* Exhibit A. pp. 17-19. These corrective provisions are similar to the ones reviewed in *Lone Star*, where the Fifth Circuit held no fraud occurred. *See Lone Star V (US)*, 594 F.3d at 389. The fact that these parties agreed to these warranty representations and corrective provisions establishes that no fraud occurred in the underlying sales transaction.

Additionally, Almonte alleges that part of the fraud was that Chase did not have adequate

6

documentation on over 11,000 of the judgments. *See* Plaintiff's First Amended Original Petition pp. 2-3. This allegation ignores the express representations of Chase in the contract. Chase, in the agreement, represents that it will provide copies of the judgments, **if available.** *See* Exhibit A p. 8. Furthermore, Chase setup a specific provision in the contract to allow the purchaser to request additional documentation at the purchaser's discretion after the sale. *See* Exhibit A p. 8. Almonte's claim ignores the express language of the contract which allows Chase to fix or correct any deficiencies in the documentation of the judgments. Given these clear provisions, which Almonte had knowledge of prior to her separation, no fraud occurred pursuant to the judgment sale conducted by Chase. Since no fraud occurred, Almonte's alleged illegal acts based on fraud could not have occurred, thus, the *Sabine Pilot* claim should be dismissed.

### 2. Almonte's pleading fails to establish that she was ordered to perform an illegal act.

Almonte's pleading fails to assert that Chase ordered her to perform an illegal act. Almonte's pleading, although vague, at most only establishes that she **refused** to participate in Chase's alleged fraudulent scheme, and somehow this act of refusal prevented her from violating the following criminal acts: 18 U.S.C. § 1346 (honest services fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud). *See* Plaintiff's First Amended Original Petition p. 4; *see also D'Unger*, 207 S.W.3d at 332 ("*Sabine Pilot* protects employees who are asked to commit a crime"). Failure to participate, however, is not the same as being ordered to perform an illegal act. *Burt*, 800 S.W.2d at 627 (it is not sufficient to allege that the employee was fired for refusing to perform an illegal act if such act was not specifically ordered by the employer). Thus, Almonte's allegation that she refused to participate in Chase's alleged fraudulent scheme alone does not establish a claim for *Sabie Pilot*. *Id.*

Furthermore, the assertion that she refused to participate in a fraudulent scheme is not

sufficient to create criminal liability under the specific criminal statues cited by Almonte. *See* Plaintiff's First Amended Original Petition p. 4. As discussed above, the statutes relied upon by Almonte in her pleading all require the transmission of a fraudulent scheme by a specific media to create criminal liability. None of the statutes criminalize the mere participation in the creation of a fraudulent scheme – the only act Almonte claims to have been ordered to perform.

More importantly, Almonte never asserts that she was ordered to mail, email, or advertise the judgment sale to any potential buyers. Almonte also never asserts that she was ever ordered to communicate with any purchaser or disseminate information about the judgments over any media to the purchaser. The dissemination of the fraudulent scheme is the fundamental act required by the statutes to create criminal liability, acts Almonte was never asked to perform. Almonte's claimed failure to participate is not the same as her being ordered to mail, email, advertise or disseminate fraudulent information. Thus, her pleading does not plead facts that would establish that she was ordered to perform acts that would potentially make her criminally liable under these statutes. Almonte's vague pleading warrants dismissal of her *Sabine Pilot* claim. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ([f]actual allegations must be enough to raise a right to relief above the speculative level").

## CONCLUSION

JP Morgan Chase Bank, N.A. therefore asks the Court to dismiss Plaintiff Almonte's *Sabine Pilot* claim with prejudice to the reprosecution of same, and to award Defendant all other relief to which it may be entitled.

8957478.1 (OGLETREE)

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 East Pecan Street, Suite 2600
San Antonio, Texas 78205
(210) 354-1300
(210) 277-2702 (FAX)

By: _____
     Lawrence D. Smith
     State Bar No. 18638800
     Adam D. Boland
     State Bar No. 24045520
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John "Bruse" Loyd
Kathleen A. O'Connor
1300 Post Oak, Suite 830
Houston, Texas 77056

_____
Lawrence D. Smith/ Adam D. Boland

9