# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ALMONTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 5:10-cv-00496-FB |
| | § | |
| JP MORGAN CHASE BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on for consideration Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss. Having reviewed the pleadings and arguments of counsel, the Court believes the motion is meritorious and should be in all things GRANTED.

Almonte's *Sabine Pilot* claim is based on the foundation that Chase committed fraud by intentionally misrepresenting its judgment portfolio to prospective buyers. Additionally, Almonte's alleged illegal acts to support her *Sabine Pilot* claim all rely on claims of fraud. Thus, if Chase did not commit fraud in the sale of the portfolio, Almonte's underlying alleged illegal acts could not have occurred.

In *Lone Star V (US) v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010), the Fifth Circuit reviewed a similar factual situation, and affirmed the district court's granting of a 12(b)(6) motion to dismiss. *Lone Star V (US)*, 594 F.3d at 385. The Fifth Circuit stated that when dealing with claims of fraud and misrepresentations, complex contractual documents must be read in their entirety to be given full effect. *Id.* at 388. The Court reviewed the parties specific corrective provisions created to prevent fraud, and held that given the corrective

10

provisions of the contract, no fraud occurred. *Id.* at 386.

The Fifth Circuit's decision compels the dismissal of Almonte's lawsuit. Almonte's claim ignores the actual language of the sales contract between the parties. The fact that the parties agreed to warranty representations and corrective provisions establishes that no fraud occurred in the underlying sales transaction. Since no fraud occurred, Almonte's alleged illegal acts based on fraud could not have occurred, thus, the *Sabine Pilot* claim should be dismissed.

Furthermore, Almonte's pleading fails to assert that Chase ordered her to perform an illegal act. Almonte's pleading, although vague, at most only establishes that she refused to participate in Chase's alleged fraudulent scheme. Failure to participate, however, is not the same as being ordered to perform an illegal act. Thus, Almonte's allegation that she refused to participate in Chase's alleged fraudulent scheme fails to establish a claim for *Sabie Pilot*.

It is therefore ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss is in all things GRANTED. Plaintiff Linda Almonte's claims against Defendant are DISMISSED WITH PREJUDICE to the re-prosecution of same.

SIGNED this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE

11

8957478.1 (OGLETREE)