IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| LINDA ALMONTE, | § | |
| --- | --- | --- |
| | § | CASE NO. 5:10-cv-00496-FB |
| *Plaintiff*, | § | JURY DEMANDED |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT JP MORGAN CHASE BANK, N.A.'S 12(b)(6) MOTION TO DISMISS

Plaintiff, Linda Almonte ("Almonte" or "Plaintiff"), files her Response In Opposition to Defendant JP Morgan Chase Bank, N.A.'s ("Chase") 12(b)(6) Motion to Dismiss ("Motion"). For the reasons set forth herein, Plaintiff respectfully submits that Chase's Motion should be denied in all respects.

## INTRODUCTION

Chase's Motion to Dismiss completely ignores the primary basis of Almonte's claim. It is true that Almonte was ordered and refused to participate in actively misrepresenting the portfolio in question to multiple potential buyers, not just the one that Chase now represents has contracted away any illegal acts it may have committed. However, potential buyers were only one of several parties the illegal acts she was told to commit were designed to influence. Chase intended to incrementally "prop up its earnings" by defrauding the federal government regarding

the purported value of the portfolio on its books, by defrauding its auditors and accountants regarding the nature and value of the asset, and by ultimately defrauding investors – purchasers of its publicly traded stock. In addition, Chase's Motion does not address the issue of ordering Almonte to commit illegal acts related to the potential buyers, none of whom Chase, at least at this point in the proceedings, claims have contractually immunized them from a *Sabine-Pilot* claim.

## **FACTS**

Chase employed Almonte as a Team Leader in its Credit Card Services division in San Antonio, Texas. *See* Plaintiff's First Amended Original Petition at p. 2, previously attached to Defendant's Notice of Removal (Doc. No. 1). In the summer of 2009, one of her responsibilities became selling a portfolio of, what Chase was actively and intentionally misrepresenting to the **federal government, investors, auditors and potential buyers (*emphasis added*)** to be, approximately twenty-three thousand (23,000) Chase consumer accounts that had become delinquent, litigated to judgment, and were now ready for collection - with a purported gross value in excess of two-hundred million dollars ($200,000,000). *Id.* In reality, the portfolio was not what Chase was actively representing it to be - and Chase knew it. *Id*. Of the portfolio's approximately twenty-three thousand (23,000) accounts, eleven thousand, four hundred and seventy-two (11,472) of them were missing adequate documentation of judgment. *Id* at pp. 2-3. Nearly five thousand (5,000) of the accounts originating from the states of California, Florida, Illinois, New York and New Jersey had incorrect balance information, the vast majority being lower than what Chase was representing. *Id* at p. 3.

Preceding Chase's efforts to misrepresent the content and value of this particular debt portfolio, Chase had grossly mismanaged its business, leading it to find ways to prop up its

earnings. *See* Plaintiff's First Amended Original Petition p. 3. Plaintiff had witnessed Chase's cutting corners and fudging numbers, but refused to participate in this latest effort by Chase to **defraud the federal government, investors, auditors and potential buyers (*emphasis added*)**. *Id*. Plaintiff expressed her concerns and warnings to Chase management regarding its knowingly misrepresenting the portfolio. *Id*. Chase's response was to warn her that she had better "go along with the plan." *Id*. Because Plaintiff refused to participate in Chase's fraud, and the criminal conduct related thereto, Chase terminated her on November 30, 2009. *Id* at p. 4.

## ARGUMENT AND AUTHORITIES

Chase's Motion fully ignores and declines to address the majority of the substance of Almonte's claim. On that basis alone, its Motion fails. Regardless, Almonte has pled sufficient facts to state a *Sabine Pilot* claim against Chase and overcome any motion under Rule 12(b)(6).

**A.  Standard of Review Under Rule 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." However, a motion to dismiss under F.R.C.P. 12(b)(6) "is viewed with disfavor and rarely granted." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000)(quoting *Kaiser Aluminum v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982). The Court should only dismiss a claim if it is clear that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When ruling on a motion to dismiss, the Court must accept the factual allegations in the complaint in the light most favorable to the plaintiff. *See Norman v. Apache, Corp.*, 19 F.3d 1017, 1021 (5th Cir.1994), citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir.1993). The Court should not dismiss a claim unless the plaintiff would not be

3

entitled to relief under any set of facts or any possible theory that [he] could prove consistent with the allegations in the complaint. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**B.     Almonte states a *Sabine Pilot* claim**

Almonte states sufficient facts, and incorporates those facts with each element of a *Sabine Pilot* action within her First Amended Original Petition. *See* Plaintiff's First Amended Original Petition pp. 2-4. In addition, despite Chase's representation to the Court to the contrary, Almonte clearly pleads that she was <u>ordered</u> to commit illegal acts. *See* Plaintiff's First Amended Original Petition p. 4 at IV, 24. Therein, Almonte alleges she "refused to perform illegal acts, despite **<u>orders</u>** and threats by Chase."

> **1.     The only issue of fraud or illegality addressed in Defendant's Motion is related to one purported buyer, while the allegations of fraud and illegality pled by Almonte regarding the federal government, investors, auditors – and all of the other potential buyers – is ignored**

As stated in Almonte's Introduction, and repeated here, Chase's Motion to Dismiss completely ignores the primary basis of Almonte's claim. It is true that Almonte was ordered and refused to participate in actively misrepresenting the portfolio in question to multiple potential buyers, not just the one that Chase now represents has contracted away any chance of fraud. *See* Plaintiff's First Amended Original Petition p. 2. However, potential buyers were only one of several parties the illegal acts she was told to commit were designed to influence. *Id*. Chase intended to incrementally "prop up its earnings" by defrauding the federal government regarding the purported value of the portfolio on its books, by defrauding its auditors and accountants regarding the nature and value of the asset, and by ultimately defrauding investors – purchasers of its publicly traded stock. *Id* at pp. 2-3. In addition, Chase's Motion does not address the issue of ordering Almonte to commit illegal acts related to the potential buyers, none

of whom Chase, at least at this point in the proceedings, claims have contractually immunized them from a *Sabine-Pilot* claim.

2.  **Almonte's pleadings establish that she was ordered to perform illegal acts.**

As shown above, Almonte states sufficient facts, and incorporates those facts with each element of a *Sabine Pilot* action within her First Amended Original Petition. *See* Plaintiff's First Amended Original Petition pp. 2-4. In addition, despite Chase's representation to the Court to the contrary, Almonte clearly pleads that she was <u>ordered</u> to commit illegal acts. *See* Plaintiff's First Amended Original Petition p. 4 at IV, 24. Therein, Almonte alleges she "refused to perform illegal acts, despite **orders** and threats by Chase."

Almonte has pled sufficient facts to state a *Sabine Pilot* claim against Chase. However, in the event the Court determines that Almonte's pleadings are deficient, Almonte herein moves the Court to allow her to amend her pleadings. Leave to amend should be freely given. *See* Fed. R.Civ.P.15 (a). A refusal to grant leave to amend without a justification such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." is considered an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *see also Humana Health Plan*, 336 F.3d at 386 (citing *Foman* for examples of permitted reasons to deny leave to amend).

### <u>CONCLUSION</u>

Based on the foregoing reasons, the facts and causes of action pled by Almonte in her First Amended Original Petition fully and properly state claims against Chase upon which relief can be granted. Accordingly, Almonte respectfully requests that the Court deny Chase's Motion,

in its entirety. In the alternative, should the Court find that Almonte's pleadings require amending; Almonte respectfully requests that she be given an opportunity to amend.

                        Respectfully submitted,

                        JONES, GILLASPIA & LOYD, L.L.P.

By:    /s/ John Bruster Loyd

        John Bruster Loyd
        SBN 24009032
        Federal ID No. 23240
        1300 Post Oak, Suite 830
        Houston, Texas 77056
        Telephone    (713) 225-9000
        Facsimile     (713) 225-6126
        bruse@jgl-law.com

        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 20th day of September 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, in accordance with the Federal Rules of Civil Procedure.

      /s/ John Bruster Loyd

      JOHN BRUSTER LOYD