IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ALMONTE, | § | |
| Plaintiff, | § § § | |
| VS. | § § | Civil Action No. 5:10-cv-00496-FB |
| JP MORGAN CHASE BANK, N.A. | § § § | |
| Defendant. | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS

Defendant JP Morgan Chase Bank, N.A. ("Chase") files its Reply to Plaintiff's Response to its original 12(b)(6) Motion to Dismiss. For the reasons set forth herein, Defendant respectfully submits that its Motion to Dismiss should be granted.

### SUMMARY

Almonte's response ignores the fundamental positions of Chase's Motion to Dismiss: (1) since no fraud occurred in the actual judgment purchase agreement sale based on *Lone Star*, 594 F.3d 383 (5th Cir. 2010), there is no *Sabine Pilot* claim; and, (2) the factual allegations asserted by Almonte fail to establish that she was ordered to perform an illegal act, based on the criminal statutes pled, when reviewed in the context of *Twombly*. Blanket assertions and recitation of elements of a claim are not sufficient to establish a viable lawsuit. Here, Plaintiff's summary claims warrant dismissal of her lawsuit.

### ARGUMENT AND AUTHORITIES

1. **Almonte's *Sabine Pilot* claim fails because no fraud occurred.**

Almonte concedes that no fraud occurred in Chase's judgment purchase sale in December 2009. Almonte, however, tries to claim that the fraud she allegedly refused to participate in was

a global fraud that **could** have affected several parties, including potential buyers and the federal government.[1] This vague allegation fails to accurately address the definition of fraud. Civil fraud requires a party to make a material false representation to a party with an intent that the other party act on upon the misrepresentation **and** the other party must rely on the representation and be injured. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.* 297 S.W.3d 768, 774 (Tex. 2009) (No. 08-0280; 10-30-09); *In re International Profit Assocs.*, 274 S.W.3d 672, 678 (Tex. 2009). There must be reliance by a party for civil fraud to occur. *See id.* Alternatively, criminal fraud for mail and wire fraud requires proximate cause between the attempt to defraud and the parties' injury. *Ficken v. AMR Corp.*, 578 F.Supp. 2d 134, 141 (D.D.C. 2008).

Here, Almonte tries to claim that mere participation in an alleged scheme to unknown and unidentified parties is fraud; however, this is not correct. The only party to negotiate, rely on, act on, and purchase the portfolio containing the alleged misrepresentations was the ultimate buyer. Therefore, the ultimate buyer is the only party to rely on or have potential proximate cause to a potential injury from the alleged misrepresentations. The ultimate buyer, however, contractually agreed to express terms to prevent fraud, and pursuant to *Lone Star* no fraud occurred. Speculative claims that others parties saw or could have looked at the portfolio for sale falls short of the acts necessary to constitute fraud. Thus, since the only evidence of a party relying on this alleged scheme, an element needed to establish fraud, agreed no fraud occurred, Almonte's *Sabine Pilot* claim fails.

Almonte also ignores the findings and application of *Lone Star V (US) v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) to the pending case. Initially, the Fifth Circuit stated that

---

[1] Almonte alleges that Chase committed fraud by trying to prop up its earnings to defraud the federal government. This vague claim is unsupported by facts or allegations as to how Almonte was potentially involved in propping up Chase's earnings. Additionally, if the earnings are tied to the judgment purchase sale, then the agreement between the parties destroys Almonte's fraud claim. Moreover, how can fraud occur when the amount of the sale was disclosed?

2

when dealing with claims of fraud and misrepresentations, the plaintiff must plead with particularity under Federal Rule of Civil Procedure 9(b), which has not been done in this matter. *Lone Star V (US)*, 594 F.3d at 387. Furthermore, the Court stated that complex contractual documents must be read in their entirety to be given effect. *Id.* at 388. Almonte wishes to ignore the existence of the contract all together. Additionally, the Court stated that corrective provisions are sensible given the difficulties in selling multiple securities "[b]ecause mistakes are inevitable." *Id.* Thus, given the corrective provisions of the contract, no fraud occurred and the dismissal of plaintiff's claim was appropriate. *Lone Star V (US)*, 594 F.3d at 386. Similar corrective provisions clearly are found in Chase's agreement; thus, the party that actually relied on the alleged misrepresentation, the buyer, has agreed no fraud occurred. *See Lone Star V (US)*, 594 F.3d at 389. Without evidence of fraud, there is no viable *Sabine Pilot* claim.

Summary and vague claims that potential buyers might have been affected do not constitute fraud. Additionally, in light of Fifth Circuit precedent, the evidence in front of the Court concerning the actually buyer establishes that no fraud existed.

### 2. Almonte's allegations are devoid of facts to establish that she was ordered to perform an illegal act based on the criminal statutes she identifies.

Almonte summarily asserts that by saying she "refused to perform illegal acts, despite orders" in her pleading she has established a *Sabine Pilot* claim. This ignores the holding in *Twombly* that a parties obligation "to provide the 'grounds' of his 'entilte[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Here, Almonte's pleading is nothing more then a mere recitation that she was ordered to perform illegal acts with no explanation or factual assertions as

3

to how potential criminal liability exists or the specific criminal act she claims she was requested to perform. The current allegations pled are insufficient to establish a viable claim. *Id.*

Moreover, in her response Almonte does not even address how this alleged "order" would create criminal liability under the criminal statutes cited in her First Amended Original Petition. As clearly addressed in the Motion to Dismiss, the statutes relied on by Almonte do not criminalize participation in a scheme to defraud, but instead criminalize only **the act of distributing the scheme** with the intent to defraud. Specifically, 18 U.S.C. § 1341 criminalizes the act of devising a scheme or artifice to defraud or for obtaining money for the scheme to defraud by placing such scheme "in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service", and similarly 18 U.S.C. § 1343 criminalizes the act of devising a scheme or artifice to defraud or for obtaining money for the scheme to defraud by transmitting such scheme "by means of wire, radio, or television communication in interstate or foreign commerce".[2] Ignored in Almonte's response, is the fact her pleading asserts no factual allegations that indicate that she was ordered to mail, email, or advertise the judgment sale to any potential buyers. The dissemination of the fraudulent scheme is the operative act required by the statutes to create criminal liability, acts Almonte was never asked to perform and acts clearly she does not allege she was ordered to perform. Thus, her pleading does not plead facts that would establish that she was ordered to perform acts that would make her criminally liable under these statutes. Therefore, Almonte's summary allegations warrant dismissal of her *Sabine Pilot* claim. *See Twombly,* 550 U.S. at 555.

---

[2] Almonte claims that Chase's actions also would violate 18 U.S.C. § 1346, however, 1346 simply defines "scheme or artifice to defraud", it is not an independent criminal violation or impose any criminal penalties. *See* 18 U.S.C. § 1346. Thus, this statute is irrelevant to the analysis of a *Sabine Pilot* claim.

4

### 3. Leave to amend is not necessary, as no fraud occurred.

Since the evidence and allegations prove no actual fraud occurred in the sale of the judgment purchase, the Court would be unjustified in granting leave to amend. Almonte is unable to assert facts to establish that fraud potentially occurred, given the contractual language between the parties. Leave to amend would simply delay proceedings because it is clear that no fraud occurred in Chase's judgment purchase sale.

### CONCLUSION

JP Morgan Chase Bank, N.A. therefore asks the Court to dismiss Plaintiff Almonte's *Sabine Pilot* claim with prejudice to the reprosecution of same, and to award Defendant all other relief to which it may be entitled.

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 East Pecan Street, Suite 2600
San Antonio, Texas 78205
(210) 354-1300
(210) 277-2702 (FAX)

By: Lawrence D. Smith
State Bar No. 18638800
Adam D. Boland
State Bar No. 24045520
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John "Bruse" Loyd
Kathleen A. O'Connor
1300 Post Oak, Suite 830
Houston, Texas 77056

_____
Lawrence D. Smith/ Adam D. Boland