```
              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TEXAS
                  SAN ANTONIO DIVISION

LINDA ALMONTE,                    *
                                  *
         Plaintiff,               *
                                  *
    v.                            *    CIV. NO. SA-10-CA-496-FB
                                  *
JP MORGAN CHASE BANK, N.A.,       *
                                  *
         Defendant.               *
```

## MEMORANDUM AND RECOMMENDATION

Before the Court is the defendant, JP Morgan Chase Bank N.A.'s motion to dismiss. (Docket Nos. 2 and 4). Plaintiff, Linda Almonte, has responded. (Docket No. 3). Upon consideration of the motion, response, and applicable law, the Court believes defendant's motion to dismiss should be **DENIED**.

## BACKGROUND

Almonte was employed by JP Morgan Chase Bank N.A. ("Chase") as a Team Leader in its Credit Card Services division in San Antonio, Texas. **Docket no. 1**, Plaintiff's First Amended Original Petition, pg. 2. Part of Almonte's responsibilities included managing three departments for Chase, as well as selling a portfolio of consumer accounts that had become delinquent, litigated-to-judgment, and were ready for collection with a purported gross value in excess of two hundred million dollars. **Id.** Almonte alleges, however, that of the 23,000 Chase accounts, 11,472 "were missing adequate documentation of judgment" and nearly

5,000 of the accounts originating from California, Florida, Illinois, New York and New Jersey, had incorrect balance information with many of the balances on these accounts allegedly lower than what Chase was representing. **Id.** at 3.

Almonte, who witnessed Chase "cutting corners and fudging numbers," advised Chase that it was misrepresenting the portfolio and violating state and federal law by defrauding the federal government, investors, auditors and potential buyers. **Docket no. 1**, Plaintiff's First Amended Original Petition, at 3. Nevertheless, Almonte was told to forego the formal processes required to validate the portfolio and to sell the assert. **Id.** When Almonte refused to participate in the alleged fraud and advised Chase of this, she was terminated. **Id.** Almonte now brings this suit alleging she was wrongfully terminated for refusing to perform an illegal act.[1] *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled

---

[1] Although initially filed in state court, the case was removed based on diversity of citizenship. **28 U.S.C. §1332**.

2

to relief.  To survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain detailed factual allegations, but must include more than labels and conclusions or a formalistic recitation of the elements of a cause of action. ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555 (2007).  The factual allegations must be sufficient to state a claim to relief that is plausible on its face and to raise a right to relief above the speculative level. ***Id.***, at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  ***Id.***, at 556.  The mere possibility of misconduct is not sufficient. ***Ashcroft v. Iqbal***, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009).

The Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. ***Lindquist v. City of Pasadena, Tex.***, 525 F.3d 383, 386 (5th Cir. 2008). However, the Court need not accept plaintiff's *legal* conclusions as true.  ***Ashcroft***, 129 S.Ct. at 1949.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. ***Id.***

## DISCUSSION

This suit involves a claim for wrongful termination.  While generally an employer in Texas may terminate an individual employed

3

for an indefinite term at will and without cause, an employer may not terminate an employee for refusing to perform an illegal act. ***Sabine Pilot Serv., Inc.***, 687 S.W.2d at 735.  Thus, to establish a ***Sabine Pilot*** claim, Almonte must allege that Chase required her to perform an illegal act, that Almonte refused to do so, and that she was terminated as a result.  ***Id.***

Chase moves to dismiss Almonte's claims for failure to state a claim upon which relief can be granted, maintaining that Almonte, who alleges she was terminated for refusing to participate in a fraudulent scheme to defraud the government, investors, auditors, buyers, and other parties, failed to plead fraud with particularity.  More specifically, with respect to potential buyers and unknown parties, Chase maintains that Almonte fails to allege that these unknown parties relied upon any misrepresentation to their detriment.  With respect to the ultimate buyer, who did rely upon and purchase the portfolio containing the alleged misrepresentations, Chase maintains that no fraud occurred because the portfolio was purchased "as is" and "with all faults." Additionally, Chase contends that Almonte's pleadings only establish that she refused to "participate" in the fraud and fail to establish that Almonte was "ordered" to perform an illegal act.

In support of its position that Almonte's complaint fails to plead fraud with particularity and further, fails to state a ***Sabine Pilot*** claim because the underlying representation clauses in the

4

parties' sales agreement preclude fraud, Chase cites to *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010).  In *Barclays*, Lone Star Fund purchased mortgage-backed securities from Barclays Bank and later learned that 290 mortgages were delinquent at the time of purchase.  *Id.* at 386.  Lone Star sued Barclays for misrepresentation and fraud, claiming that Barclays misrepresented that the loans were not delinquent when, in fact, a large number of them were.  *Id.*  The district court subsequently dismissed the case for failure to state a claim based on a provision in the contract which provided that the buyer's sole remedy for breach of a representation was an option to purchase or substitute another mortgage loan.  *Id*.  On appeal, the Fifth Circuit noted that "the heightened pleading requirements" of Rule 9(b) have been applied in similar cases where "the parties have not urged a separate focus on the negligent misrepresentation claims such as when 'fraud and negligent misrepresentation claims are based on the same set of alleged facts'" but declined to address whether the plaintiff had complied with Rule 9 in light of its finding that the agreements did not allege a misrepresentation. *Id.*, at 387, fn. 3.  The Court ultimately concluded that Barclays had not made any actionable misrepresentations because the contract expressly provided that should any of the mortgages be found to be delinquent, they would be substituted or purchased, thereby curing any breach.  *Id.* at 389.

Although Chase relies upon ***Barclays*** as authority for finding that Almonte failed to plead fraud with particularity and further, that her factual allegations fail to constitute fraud because of the underlying representations in the parties' sales agreement, ***Barclays*** is readily distinguishable. ***Barclays*** involved a suit where the plaintiff was alleging fraud and misrepresentation, rather than wrongful termination, and therefore, the plaintiff was required to allege fraud with particularity. ***See id.; see also* F**ED**.R.C**IV**.P. 9(b)**. Chase cites no authority which requires a ***Sabine Pilot*** plaintiff alleging she was terminated for refusing to engage in fraud to allege with particularity "the circumstances constituting fraud" or to otherwise allege the specific elements comprising a claim for fraud. As Almonte has alleged wrongful termination rather than fraud, no heightened pleading standard would appear to apply.

Chase also relies on ***Barclays*** as authority for its position that no fraud exists where the parties' agreement precludes fraud. However, in ***Barclays,*** the parties to both the agreement and the lawsuit were the same; in the present case, the defendant sold the portfolio to a third party that accepted the portfolio "as is". It is unclear how any agreement between Chase and a third party would preclude Almonte from alleging a ***Sabine Pilot*** claim against Chase based on fraud, particularly given the language in ***Barclays*** that a party may not waive her right to pursue her claim for fraud. ***Id.***

6

at 390.

Finally, Chase argues Almonte failed to allege she was ordered to perform an illegal act; however, Almonte alleged in her First Amended Original Complaint that: she expressed her concerns that Chase was intentionally misrepresenting the portfolio; she warned Chase it was violating federal and state law by attempting to defraud the government, investors, auditors and potential buyers; Jason Lazinbat, a manager for Chase, warned her she had better go along and directed her to forego the formal processes required to validate the portfolio; and when Almonte took her concerns to the next level and advised Chase again that she would not participate in the fraud, she was terminated.  Accepting these allegations as true, as the Court is required to do so at this junction, Almonte has arguably alleged more than labels and conclusions or a formalistic recitation of the elements of a cause of action and has stated a claim to relief that is plausible on its face, raising the right to relief above the speculative level.  *Twombly*, 550 U.S. at 555-56.  Because Almonte has sufficiently alleged a claim upon which relief can be granted, defendant's motion to dismiss should be **DENIED**.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the defendant, JP Morgan Chase Bank N.A.'s motion to dismiss be **DENIED**.

**Instructions for Service and**
**Notice of Right to Appeal/Object**

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Pursuant to Title 28 U.S.C. Section 636(b)(1) and Federal Rule of Civil Procedure 72(b), any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 14 days after being served with a copy unless this time period is modified by the district court.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  ***Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge***.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  ***See Thomas v. Arn***, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings,

conclusions and recommendation contained in this Memorandum and Recommendation within 14 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996).

**SIGNED** November 9, 2010.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE