IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ALMONTE, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 5:10-cv-00496-FB |
| JP MORGAN CHASE BANK, N.A. | § § § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE PRIMOMO'S MEMORANDUM AND RECOMMENDATION

Comes now JP Morgan Chase Bank, N. A. ("Chase"), Defendant in the above-styled and numbered cause of action, and pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), submits its objections to United States Magistrate Judge Primomo's Memorandum and Recommendation (Doc. No. 6). Defendant seeks to have the following objections sustained, and to have the Court grant Defendant's Motion to Dismiss (Doc No. 2).

On November 9, 2010, Magistrate Judge Primomo signed and filed a Memorandum and Recommendation asserting that Chase's Motion to Dismiss should be denied (Doc. No. 6). Pursuant to the objections below, the district court must make a *de novo* review of the Magistrate's Recommendations. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

A. **Magistrate Judge Primomo incorrectly determined that Federal Rule of Civil Procedure 9's heightened pleading requirement does not apply to Plaintiff's claims of mail and wire fraud.**

Defendant objects to the Magistrate Judge's conclusion on page 6 of his order holding that there is no authority requiring Plaintiff to allege specific elements comprising a claim for fraud in her petition. Almonte's petition specifically relies on the alleged violations of 18 U.S.C.

§ 1346 (honest services fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud) as a bases for her state law derivative claim.[1]  *See* Plaintiff's First Amended Original Petition p. 3, previously attached to Defendant's Notice of Removal (Doc. No. 1.).

Although no precedent exists either way stating that Federal Rule of Civil Procedure 9's heightened pleading requirements apply to a *Sabine Pilot* claim, relevant precedent does conclude that when making allegations of mail or wire fraud, as Almonte does, compliance with Rule 9's standards is required.  *See Tal v. Hagan,* 453 F.3d 1244, 1263 (10th Cir. 2006) (the particularity requirements of Rule 9 applies to claims for mail and wire fraud); *Maersk, Inc. v. Neewra, Inc.,* 554 F.Supp.2d 424, 462 (S.D. N.Y. 2008); *De Pacheco v. Martinez,* 515 F.Supp.2d 773, 788-89, (S.D. Tex. 2007).  Since precedent requires mail and wire fraud claims to meet the pleadings requirements of Rule 9, logically, Rule 9 would apply in reviewing Almonte's claims that rely on mail and wire fraud.

Additionally, there is no precedent saying that simply because mail and wire fraud is a subset of a plaintiff's claim, Federal Rule of Civil Procedure 9 can be ignored.  Thus, based on the precedent concerning mail and wire fraud, Almonte has failed to allege any facts to establish criminal liability, in light of Rule 9's standards, for mail and wire fraud.  Therefore, her *Sabine Pilot* claim fails and should be dismissed.

    **B.**    **Magistrate Judge Primomo erred in holding that *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383 (5th Cir. 2010) is inapplicable to Almonte's *Sabine Pilot* claim.**

Defendant objects to Magistrate Primomo's conclusion on page 6 that *Lone Star* is inapplicable to Almonte's allegations under her *Sabine Pilot* claim.  The order states that it is unclear why Chase's third party agreement would preclude Almonte's *Sabine Pilot* claim.

---

[1] Almonte claims that Chase's actions also would violate 18 U.S.C. § 1346, however, 1346 simply defines "scheme or artifice to defraud", it is not an independent criminal violation or impose any criminal penalties.  *See* 18 U.S.C. § 1346.  Thus, this statute is irrelevant to the analysis of a *Sabine Pilot* claim.

2

Simply, since Almonte's fraud claim relies on Chase's interaction with a third party, specifically that Chase was trying to defraud a third party, the fact that no fraud existed with the third party is relevant. Here, Almonte's fundamental claim relies on Chase defrauding a third party, but if no fraud occurred with a third party, no criminal liability exists.

The Fifth Circuit stated in *Lone Star* that given the corrective provisions of the contract reviewed, no fraud occurred in the transaction. *Lone Star V (US),* 594 F.3d at 386. The same corrective provisions exist in this matter. (Doc. No. 2, Ex. A). Furthermore, the Magistrate Judge did not discuss Chase's clear analysis presented in its Reply to Plaintiff's Response to Defendant's Motion to Dismiss establishing that to have criminal or civil liability for fraud, proximate cause to an injury or detrimental reliance must occur. (Doc. No. 4 p. 2). Since a party must rely on or have proximate cause to an injury for fraud, only the person, here Chase's final buyer could have been defrauded. The holding in *Lone Star*, however, establishes no fraud existed with this buyer. *Lone Star V (US),* 594 F.3d at 386. Plaintiff in her Response to the Motion to Dismiss does not contest that Chase's ultimate buyer waived a fraud claim, but tries to rely on the fact that a potential third party may have seen the portfolio sale. This analysis ignores the fundamental elements of fraud and the position that only the ultimate buyer could be potentially defrauded. Since no fraud did occur with the final buyer, there is no criminal liability, thus, there is no *Sabine Pilot* claim. Since Almonte's claims rely on Chase's interaction with third parties, it is unjustified to ignore that no actual fraud occurred with the third party. Thus, *Lone Star's* analysis confirms that Almonte's *Sabine Pilot* claim is inappropriate.

### C. Magistrate Judge Primomo incorrectly determined that Almonte has alleged facts sufficient to establish a viable claim of *Sabine Pilot.*

Defendant objects to Magistrate Judge Primomo's conclusion on page 7 of his order holding that Almonte has alleged sufficient facts to assert a viable *Sabine Pilot* claim. The order

3

ignores any discussion of how the summary facts pled by Almonte prove that she was ordered to commit mail or wire fraud. Even considering the facts relied upon in the order, none of the facts establish that Almonte was ordered to commit mail or wire fraud. As previously discussed, none of the criminal statutes cited by Almonte simply criminalize the participation in a scheme to defraud[2]. Mail and wire fraud require an additional act of disseminating the fraudulent information by a specific media, acts Almonte does not assert in her petition.

Furthermore, the Magistrate's order cites no facts to establish that Almonte was ordered to mail, email, or advertise the judgment sale to any potential buyers. Almonte also never asserts these facts in her petition or any facts reflecting that she was ordered to communicate with any purchaser or disseminate information about the judgments over any media to the purchaser. Almonte's claimed failure to participate is not the same as her being ordered to mail, email, advertise or disseminate fraudulent information. Thus, her pleading does not plead facts that would establish that she was ordered to perform acts that would potentially make her criminally liable under these statutes. Almonte's vague pleading warrants dismissal of her *Sabine Pilot* claim. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ([f]actual allegations must be enough to raise a right to relief above the speculative level").

Therefore, for the reasons stated above, Defendant JP Morgan Chase Bank, N.A. respectfully requests that the Court decline to accept the Magistrate's Memorandum and Recommendation and GRANT Defendant's Motion to Dismiss.

---

[2] Specifically, 18 U.S.C. § 1341 criminalizes the act of devising a scheme or artifice to defraud or for obtaining money for the scheme to defraud by placing such scheme "in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service", and similarly 18 U.S.C. § 1343 criminalizes the act of devising a scheme or artifice to defraud or for obtaining money for the scheme to defraud by transmitting such scheme "by means of wire, radio, or television communication in interstate or foreign commerce"

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 East Pecan Street, Suite 2600
San Antonio, Texas 78205
(210) 354-1300
(210) 277-2702 (FAX)

By: Lawrence D. Smith
State Bar No. 18638800
Adam D. Boland
State Bar No. 24045520
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John "Bruse" Loyd
Kathleen A. O'Connor
1300 Post Oak, Suite 830
Houston, Texas 77056

Lawrence D. Smith/ Adam D. Boland

5