IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ALMONTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 5:10-cv-00496-FB |
| | § | |
| CHASE BANKCARD SERVICES, INC., | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Linda Almonte ("Almonte" or "Plaintiff"), complaining of Chase Bankcard Services, Inc. ("Chase" or "Defendant"), and would respectfully show the court as follows:

**I.**

**PARTIES**

1. Plaintiff is an individual and citizen of the State of Texas.

2. Defendant is a foreign corporation organized and existing in the state of Delaware with its principal place of business at 200 White Clay Center Drive, Newark, Delaware. Defendant has appeared in this case.

**II.**

**JURISDICTION AND VENUE**

3. Bexar County, Texas is a proper venue. All or a substantial part of the events

giving rise to Plaintiff's claims occurred in Bexar County, Texas.

## III.

## FACTS

4. Plaintiff was an at-will employee of Defendant in the position of Team Leader within the San Antonio, Texas Collection Litigation Support section.

5. Plaintiff managed three (3) departments for Chase and had many responsibilities.

6. In the Summer of 2009, one of her responsibilities became selling a portfolio of, what Chase was actively and intentionally misrepresenting to the federal government, investors, auditors and potential buyers to be, approximately twenty-three thousand (23,000) Chase consumer accounts that had become delinquent, litigated to judgment, and were now ready for collection - with a purported gross value in excess of two-hundred million dollars ($200,000,000).

7. In reality, the portfolio was not what Chase was actively representing it to be - and Chase knew it.

8. Of the portfolio's approximately twenty-three thousand (23,000) accounts, eleven thousand, four hundred and seventy-two (11,472) of them were missing adequate documentation of judgment.

9. Many of the accounts contained evidence of bankruptcy proceedings.

10. Nearly five thousand (5,000) of the accounts originating from the states of California, Florida, Illinois, New York and New Jersey had incorrect balance information, the vast majority being lower than what Chase was representing.

11. Preceding Chase's efforts to misrepresent the content and value of this particular debt portfolio, Chase had grossly mismanaged its business, leading it to find ways to prop up its earnings.

12. Plaintiff had witnessed Chase's cutting corners and fudging numbers, but refused to participate in this latest effort by Chase to defraud the federal government, investors, auditors and potential buyers.

13. Plaintiff expressed her concerns that Chase was intentionally misrepresenting the portfolio.

14. Plaintiff warned Chase that it was violating federal and state law by attempting to defraud the federal government, investors, auditors and potential buyers.

15. Plaintiff's manager, Jason Lazinbat ("Lazinbat"), warned her that she had better go along with the plan to sell the misrepresented asset.

16. Lazinbat directed Plaintiff to forego the formal processes required to validate the portfolio.

17. Plaintiff elevated her concerns to the next level of Chase management.

18. Plaintiff made it clear to Chase management that it was violating federal, and possibly state, law by intentionally misrepresenting material aspects of a $200,000,000 transaction.

19. Plaintiff made it clear to Chase management that she would not participate in the fraud.

20. Because Plaintiff refused to commit criminal acts in furtherance of Chase's

ongoing and widespread fraud and related conspiracy to defraud, Chase terminated her on November 30, 2009.

## IV.

## **WRONGFUL DISCHARGE – *SABINE PILOT* ACTION**

21. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

22. Plaintiff now sues as a result of Chase's wrongful acts, detailed above.

23. Plaintiff was an at-will employee for Chase.

24. Plaintiff refused to perform illegal acts, despite orders and threats by Chase. These illegal acts include, but are not necessarily limited to, violations of the Sarbanes-Oxley Act of 2002 *et seq.*, 18 U.S.C. §1519 (destruction of documents), 18 U.S.C. §1961-68 (Racketeer Influenced and Corrupt Organizations), 18 U.S.C. §1520 (destruction of corporate audit records), 18 U.S.C. §1346 (honest services fraud), 18 U.S.C. §1341 (mail fraud), 18 U.S.C. §1343 (wire fraud), and conspiracy to commit the above listed crimes.

25. Plaintiff was terminated solely because of her refusal to perform illegal acts on behalf of Chase in furtherance of its fraudulent enterprise.

## V.

## **DAMAGES**

26. As a direct result of Defendant's acts and omissions, Plaintiff suffers damages for which Defendant is liable. The damages sought are within the jurisdictional limits of this court.

27. Plaintiff prays that she recover from Defendant actual damages, statutory

damages, general damages, special damages, nominal damages, punitive damages, expenses, costs of court and all other relief, either general or special, at law or in equity, to which she is entitled.

28. In addition, Plaintiff seeks attorneys' fees, expert witness fees, pre-judgment and post judgment interest, and costs of court as allowed by law.

## VI.

## JURY DEMAND

29. Plaintiff hereby demands a jury trial on all issues that can be submitted to a jury.

## VII.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final hearing of this matter, Plaintiff have judgment against Defendant for the following:

(1) actual damages;

(2) attorneys' fees;

(3) exemplary damages:

(4) court costs;

(5) pre-judgment and post-judgment interest;

(6) such other and further relief in law and in equity as this Court may deem just and proper.

Dated: March 7, 2011

                    Respectfully submitted,

                    JONES, GILLASPIA & LOYD, LLP

By:   /s/ John Bruster Loyd

                    John Bruster "Bruse" Loyd
                    Texas Bar No. 24009032
                    Kathleen A. O'Connor
                    Texas Bar No. 00793468
                    1300 Post Oak, Suite 830
                    Houston, Texas 77056
                    Telephone: 713.225.9000
                    Facsimile:   713.225.6126
                    bruse@jgl-law.com

                    LOYA & ASSOCIATES
                    Raul H. Loya
                    Texas Bar No. 00791142
                    10830 N. Central Expressway
                    Suite 200
                    Dallas, Texas 75219
                    Telephone:  214.521.8766
                    Facsimile:  214.521.8820
                    rloya@loyalaw.com

                    ATTORNEYS FOR PLAINTIFF
                    LINDA ALMONTE

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 7th day of March 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, in accordance with the Federal Rules of Civil Procedure.

        /s/ John Bruster Loyd

        JOHN BRUSTER LOYD