UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA ALMONTE, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Cause No.: 05-cv-00496-FB |
| JP MORGAN CHASE BANK, N.A., | § § § | |
| Defendant. | § § | |

### DEFENDANT CHASE BANKCARD SERVICES, INC. ANSWER TO PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

Defendant CHASE BANKCARD SERVICES, INC. ("Defendant") files this its Answer to Plaintiff Linda Almonte's Second Amended Original Complaint (the "Complaint") as follows:

### I.
### THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and Defendant therefore denies those allegations.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

### II.
### JURISDICTION, VENUE & DISCOVERY

3. Defendant denies the allegations contained in paragraph 3 of the Complaint, but admits that according to Plaintiff all or a substantial part of the events allegedly giving rise to Plaintiff's claims occurred in the Western District of Texas, San Antonio Division.

## III.

### FACTS

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

## IV.

### WRONGFUL DISCHARGE – SABINE PILOT ACTION

21. Paragraph 21 of the Complaint does not require Defendant to admit or deny. With respect to paragraph 21 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1-20 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint, except admits that Plaintiff purports to bring an action against Defendant.

23. Defendant admits that Plaintiff was an at-will employee of Defendant, as alleged in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

V.

DAMAGES

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint, and further denies that Plaintiff is entitled to any of the relief requested in paragraph 27, or to any relief in any form from Defendant.

28. Defendant admits that Plaintiff purports to seek the relief set forth in paragraph 28 of the Complaint, but denies that Plaintiff is entitled to any such relief, or to any relief in any form from Defendant.

VI

JURY DEMAND

29. Defendant admits that Plaintiff has demanded a jury trial on those issues which can be submitted to a jury.

VII.

PRAYER

30. Defendant denies the allegations contained in the un-numbered paragraph entitled "Relief Requested" and denies that Plaintiff is entitled to any of the relief requested in paragraphs (1) through (6) of said paragraph, or to any relief in any form whatsoever from

Defendant.

## VIII.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole by Texas employment-at-will doctrine.

3. Plaintiff cannot maintain a Sabine Pilot claim because she cannot prove that the sole factor for her termination was her refusal to commit an illegal act.

4. Plaintiff's claims are barred because Plaintiff was not wrongfully terminated.

5. Plaintiff's claims are barred because Plaintiff was not requested or required to perform an illegal act.

6. Plaintiff's claims are barred because Plaintiff was not terminated for the sole reason that she refused to perform an illegal or criminal act.

7. All employment practices made the subject of this action were job-related for the position in question and consistent with business necessity. Plaintiff's purported refusal to commit an illegal act was not a motivating factor in any employment actions taken with respect to her by Defendant.

8. Plaintiff's claims are barred, in whole or in part, because Defendant did not ratify or otherwise aid, abet, incite or coerce unlawful conduct, if any.

9. To the extent that any injuries or losses allegedly suffered by Plaintiff were caused by Plaintiff herself or by a third party or person outside of Defendant's control, Defendant asserts such defense.

10. Defendant acted reasonably and in good faith at all material times herein based on all relevant facts and circumstances known by it that it so acted, and accordingly, Plaintiff is

barred from recovery in this action.

11. Plaintiff by her conduct has waived the matters asserted as claims herein and is estopped from asserting those claims.

12. To the extent that the doctrine of after-acquired evidence applies, Defendant asserts that Plaintiff's damages, if any, must be denied or reduced pursuant to this doctrine.

13. Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities offered by her employer or to otherwise avoid harm.

14. Defendant asserts the defense of election of remedies.

15. Plaintiff has suffered no damages; alternatively, Plaintiff has failed to mitigate her damages, if any.

16. Defendants assert the affirmative defense of set-off.

17. Plaintiff's petition fails to state facts sufficient to support an award of actual, compensatory, punitive or liquidated damages.

18. Any and all damages claimed by Plaintiff, whether actual, compensatory, punitive, liquidated, attorney's fees, or otherwise, are subject to all applicable statutory exclusions and limitations, including, but not limited to, the Texas Labor Code § 21.2585, and § 40.001 et seq. of the Texas Civil Practice and Remedies Code.

19. Plaintiff is not entitled to recover attorneys' fees in this action. *See Holland v. Wal Mart Stores, Inc.*, 1 S.W.3d 91, 95-96 (Tex. 1999).

20. Plaintiff's claims for monetary relief must be offset by all benefits received by Plaintiff, including but not limited to salary continuation, workers' compensation, insurance, social security, unemployment benefits and other applicable employee and governmental benefits, if any.

21. The conduct about which Plaintiff complains was not motivated by malice nor

was it the result of reckless indifference to any protected rights of Plaintiff. To the contrary, all actions taken by Defendant concerning Plaintiff were for legitimate business reasons, were non-retaliatory, and were not intentionally devised or operated to contravene the provisions of any law.

22. Plaintiff may not receive any award for punitive damages for a *Sabine Pilot* claim.

23. Any award of punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, as well as the guarantees contained in the Sixth and Eighth Amendments thereto.

24. Defendant reserves the right to seek bifurcation of the determination of the amount of punitive damages for Plaintiff's claims, if any, from the remaining issues in the trial and to preclude evidence regarding Defendant's net worth from being admitted during the liability stage of trial, if any.

25. Defendant hereby gives notice that it may rely upon other applicable affirmative defenses of which it may become aware during discovery in this case and hereby reserve the right to amend this answer to assert any such defenses.

### PRAYER

26. Defendant respectfully requests that this Court enter judgment that the Plaintiff take nothing in this suit; that the Plaintiff's claims be dismissed with prejudice; that all relief prayed for by the Plaintiff be denied; that final judgment be entered in favor of Defendant; and that Defendant recover such other and further relief, both legal and equitable, to which they are entitled.

Respectfully submitted,

By: /s/Dennis P. Duffy
Dennis P. Duffy
Attorney in Charge
State Bar No. 06168900
Federal Bar No. 10502
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
713.229.1799
713.229.2899 (fax)
dennis.duffy@bakerbotts.com

ATTORNEYS FOR DEFENDANT CHASE BANKCARD SERVICES, INC.

OF COUNSEL:

James Edward Maloney
State Bar No. 12881500
Federal Bar. No. 01419
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
713.229.1234
713.229.1522 (fax)
james.maloney@bakerbotts.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2011 a copy of the foregoing instrument was filed with the clerk of the court of the United States District Court for the Western District of Texas and will be served on all counsel of record by electronic notification by the court and/or by hand delivery.

/s/Dennis P. Duffy
Dennis P. Duffy